```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

**JOSEPH and ROBERTA ROTTMAN,**               )
**individually, and on behalf of all**        )
**others similarly situated,**                )
                                              )
      Plaintiffs,                              )
                                              )    No. 09 C 7840
  v.                                          )
                                              )
**OLD SECOND BANCORP, INC.,**                 )
                                              )
      Defendant.                               )

### MEMORANDUM OPINION AND ORDER

Plaintiffs Joseph and Roberta Rottman ("the Rottmans") have brought this action, individually and on behalf of all others similarly situated, against defendant Old Second Bancorp, Inc. ("Old Second"), alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA," "the Act"), 29 U.S.C. § 201, *et seq.* They also assert claims individually against Old Second for common law promissory estoppel and fraudulent misrepresentation. The Rottmans have moved pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), to conditionally certify the suit as a collective action and to authorize their proposed class notice. For the reasons discussed below, the motion is granted.

I.

The Rottmans are former home mortgage loan officers or "loan originators" employed by Old Second, a bank and trust company with

branches throughout the State of Illinois.  The Rottmans allege that Old Second has failed to pay them and other loan officers for overtime hours that they have worked during the past three years.  Under the FLSA, "employers must pay overtime to employees working on an hourly basis." *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 369 (7th Cir. 2005).  The Act provides that "[i]f such an employee works more than 40 hours in a week, she must receive at least one and a half times her regular wage for every extra hour worked."  *Id.* (citing See 29 U.S.C. § 207(a)(1)).

Section 16(b) of the FLSA "permits plaintiffs to bring a 'collective action' against an employer for unpaid overtime compensation on behalf of him or herself and 'other employees similarly situated.'"  *Hundt v. DirectSat USA, LLC*, No. 08 C 7238, 2010 WL 2079585, at *2 (N.D. Ill. May 24, 2010) (citing 29 U.S.C. § 216(b)).  Although "[n]either the FLSA nor the Seventh Circuit has set forth criteria for determining whether employees are 'similarly situated' . . . courts in this district and around the country have settled on a two-step procedure for dealing with collective actions under the FLSA." *Id.*

In conducting the first step of the inquiry, "[c]ourts have interpreted the 'similarly situated' requirement . . . leniently." *Anyere v. Wells Fargo, Co., Inc.*, No. 09 C 2769, 2010 WL 1542180, at *2 (N.D. Ill. April 10, 2010) (citations, quotation marks, and brackets omitted); *Howard v. Securitas Security Services, USA Inc.*,

No. 08 C 2746, 2009 WL 140126, at *5 (N.D. Ill. Jan. 20, 2009) ("[T]he court looks for no more than a 'minimal showing' of similarity."). "Plaintiffs do not have to show that the potential class members have identical positions for conditional certification to be granted; plaintiffs can be similarly situated for purposes of the FLSA even though there are distinctions in their job titles, functions, or pay." *Jirak v. Abbott Laboratories, Inc.*, 566 F. Supp. 2d 845, 848-49 (N.D. Ill. 2008). Since the "similarly situated" standard is a liberal one, it "typically results in conditional certification of a representative class." *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) (quotation marks omitted); *Smallwood v. Illinois Bell Telephone Co.*, --- F. Supp. 2d ----, n.4 (N.D. Ill. 2010). "Although the inquiry is undemanding, the court is under no obligation, as it would be on a motion to dismiss, to accept the plaintiff's allegations as true." *Hundt*, 2010 WL 2079585, at *2 (brackets, citations and quotation marks omitted). "Rather, the court evaluates the record before it, including the defendant's oppositional affidavits, to determine whether the plaintiffs are similarly situated to other putative class members." *Id.*

After discovery, the court conducts the second, more stringent step of the inquiry. "Once it is known which employees will be part of the class, the Court must reevaluate the conditional

certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Jirak*, 566 F. Supp. 2d at 848 (quotation marks omitted). Specifically, "[a]t step two, the Court must consider: (1) whether the plaintiffs share similar or disparate employment settings; (2) whether affirmative defenses raised by the defendant would have to be individually applied to each plaintiff; and (3) any fairness and procedural concerns." *Id.* District courts have "wide discretion" to manage collective actions. *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010).

II.

The Rottmans seek conditional certification of the following class:

> All current and former residential mortgage loan originators employed by Old Second and/or its affiliates and subsidiaries within the previous three years. This class specifically includes all loan officers or loan originators who reported to a regional sales manager, but specifically excludes any loan originator which [sic] had the title of regional sales manager.

Pls.' Mot. for Cond. Certification at 10. Since this is the first step of the conditional certification inquiry, the Rottmans "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Smallwood v. Illinois Bell Telephone Co.*, No. 09 C 4072, 2010 WL 1838562, at *3 (N.D. Ill. May

6, 2010).

The Rottmans have passed this test. They have adduced evidence showing that Old Second loan officers were subject to the same basic loan-processing policies and requirements. Among other things, the Rottmans point to Old Second's so-called "Lock Policy," which sets forth requirements concerning loan approval and cancellation, and the use of Old Second's pricing engine. *See* Pls.' Mem., Ex. P. They have also cited evidence that all loan originators were required to be "on call" at all times to answer calls to Old Second's customer service line. *See, e.g.*, Ex. H ¶ 14; Ex. I ¶ 14; Ex. J ¶ 13. The Rottmans have also produced evidence showing that Old Second misclassified loan originators as exempt from the FLSA's overtime requirements and failed to pay them overtime when they worked more than forty hours per week. *See, e.g.*, Ex. H ¶¶ 16-18; Ex. J ¶¶ 15-17.

Old Second opposes conditional certification on two grounds. The first is based on its contention that members of the proposed class are "outside salesmen" under the FLSA and are therefore exempt from the Act's overtime requirements. *See* 29 U.S.C. §213(a)(1). Under Department of Labor regulations, an "outside salesman" is an employee:

> (1) Whose primary duty is:
>     (i) making sales within the meaning of section 3(k) of the [FLSA], or
>     (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the

```
          client or customer; and
     (2) Who is customarily and regularly engaged away from
     the employer's place or places of business in performing
     such primary duty.
```

*Kirk v. Abbott Laboratories, Inc.*, No. 07 C 3626, 2010 WL 2331098, at *4 (N.D. Ill. June 10, 2010) (citing 29 C.F.R. § 541.500(a)).

Old Second maintains that determining whether given class members meet these criteria will necessitate individualized inquiries into the nature of each loan officer's employment. For example, Old Second claims that it will be necessary to consider the job duties actually performed by each loan officer on a daily basis; the time spent by each loan officer performing his/her daily tasks; the location where the officer performed his/her duties; and the and amount of time he/she worked outside of the office. Since these determinations cannot be made on a class-wide basis, Old Second claims, the suit should not be certified as a collective action.

This argument is premature at this stage of the litigation. Courts have consistently held that questions about the applicability of FLSA exemptions are typically not addressed during the first step of the conditional certification inquiry. *See, e.g., Jirak*, 566 F. Supp. 2d at 850 ("Defendant's argument about dissimilarities in the class is more appropriately decided at step two, after it is known who the class will consist of, and after some of the factual issues can be fleshed out in discovery."); *see also Pressler v. FTS USA, LLC*, 2010 WL 1904974, at *4 (E.D. Ark.

2010) (collecting cases); *Olmsted v. Residential Plus Mortg. Corp.*, Nos. 08 C 142, 08 C 419, 2008 WL 5157973, at *3 (N.D. Ill. Dec. 9, 2008); *Neary v. Metropolitan Property and Cas. Ins. Co.*, 517 F. Supp. 2d 606, 620 (D. Conn. 2007) (collecting cases). Questions concerning the application of the "outside salesperson" exemption to the proposed class is a bridge to be crossed later.

Old Second's second argument is that certification should be denied based on differences between the Rottmans and the other class members, and differences within the proposed class itself. In particular, Old Second claims that "[n]o other loan originators other than the Rottmans had an incentive compensation plan," Resp. at 4; that, unlike other loan officers, the Rottmans had the help of an assistant, Jackie Box ("Box"); that loan officers "at Old Second developed business, contacted customers and procured loans in different manners, which involves a significant individual analysis that the Court will have to endure," Resp. at 11; and that Old Second's loan officers had varying levels of access to a computer software program called "MorVision," which loan originators used as part of the loan application process.

The Rottmans dispute the accuracy of many of these claims. As to their compensation arrangement, for example, they point out that, contrary to Old Second's claim, they are not the only loan officers who had incentive plans with Old Second. Although the details of the plans may have varied from one officer to the next,

the record indicates that the Rottmans were not alone in having an incentive plan. *See, e.g.*, Pls.' Reply, Ex. D at 323. The Rottmans also dispute Old Second's claims regarding the assistance they received from Jackie Box. In particular, they cite evidence indicating that Box was assigned to loan officers other than the Rottmans and that their relationship with her was not unique. Ex. E.

Yet even assuming that the differences alleged by Old Second were present here, the Rottmans have still satisfied the similarly situated requirement. As noted above, plaintiffs need not show that the potential class members have identical positions. Rather, "plaintiffs can be similarly situated for purposes of the FLSA even though there are distinctions in their job titles, functions, or pay." *Jirak*, 566 F. Supp. 2d 848-89; *see also Perry v. National City Mortg., Inc.*, No. 05-cv-891-DRH, 2007 WL 1810472, at *3-4 (S.D. Ill. June 21, 2007); *Jones v. Furniture Bargains, LLC*, No. 09 C 1070, 2009 WL 3260004, at *4 (N.D. Ill. Oct. 9, 2009). The fact that class members may have had different business and/or marketing plans, for example, or may have had differing levels of access to computer software programs, is not enough to defeat conditional certification. Differences of the kind cited by Old Second are common to any number of professions. If these sufficed to defeat conditional certification, collective actions under § 216(b) would be a rarity.

Such actions are not a rarity. Indeed, courts have conditionally certified classes in many cases similar to this one. Of these, *Perry* is perhaps the most similar. There, plaintiffs sought conditional certification of a class of 5,500 current or former loan originators, alleging that National City Mortgage had improperly categorized them as exempt from the FLSA's overtime requirements. National City responded by pointing to differences within the proposed class much like the differences cited by Old Second here: for example, National City noted that its loan originators were classified differently based on experience, and that they performed different tasks on a daily basis. *Id.* at *3. Officers with greater experience were "allowed to engage in a more extensive analysis of the potential clients' financial information" and had a greater amount of "underwriting authority to approve certain loan products." *Id.* After taking stock of these differences, the court concluded "that although Defendant makes valid points regarding the varied privileges and practices Loan Originators may enjoy according to their experience in the mortgage financing industry, these do not detract from a Loan Originator's overall mission, which is to ultimately generate annual production volume of a certain monetary amount." *Id.* at *3. The same is true here.

In addition to *Perry*, many other courts have conditionally certified classes of loan officers similar to the class proposed

here. *See, e.g., Robinson v. Empire Equity Group, Inc.*, No. WDQ-09-1603, 2009 WL 4018560, at *3 (D. Md. Nov. 18, 2009); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164 (D. Kan. 2006) ("Defendants point out differences in plaintiffs' job duties, places of employment, compensation plans, and experience levels. At this stage of the litigation, defendants' arguments do not persuade the court that conditional certification is unwarranted. The court has allegations and evidence before it that plaintiffs' job duties are similar. That is all that is required in the notice stage."); *see also Shabazz v. Morgan Funding Corp.*, No. 07 Civ. 0126(VM), 2010 WL 2505485, at *5 (S.D.N.Y. June 9, 2010) (denying motion to decertify collective action involving "loan officers, or other similarly titled positions"). Like *Perry*, the reasoning in these decisions is persuasive and applies with equal force here.

In sum, the Rottmans have sufficiently shown that the members of the proposed class are similarly situated. Accordingly, I grant their motion for conditional certification.

### III.

I turn now to the adequacy of the plaintiffs' proposed notice. Old Second raises three challenges to the notice. First, it points out a typographical error in the second paragraph of Section Two of the document, which refers to "defendants." Since Old Second is the sole defendant in the case, the Rottmans agree that this is an error and that it should be changed.

Next, Old Second argues that language in Section Three of the notice should be changed.  The relevant sentence currently reads: "If you worked at Old Second Bancorp, Inc., and worked more than 40 hours in any given work week and/or did not receive at least minimum wage for any pay period, you have the right to join the lawsuit by following the procedure set forth below."  Pls.' Mem., Ex. W at 2.  Old Second requests that the sentence be modified to cover those who "worked at Old Second Bancorp, Inc. *as a residential mortgage Loan Officer paid exclusively on commission . . . .*"  Resp. at 13.

The Rottmans object to the alteration on the ground that loan officers at Old Second are typically *not* paid *exclusively* on commission, but instead are compensated by means of a straight commission and a draw.  Hence, Old Second's proposed amendment would exclude most of the company's loan officers from the plaintiff class.  The Rottmans' point appears well-taken and Old Second offers no explanation in support of its proposed change. I therefore decline to include language limiting the notice to loan officers paid exclusively on commission.

However, the Rottmans do not object to Old Second's alteration insofar as it restricts the class to those who worked as residential loan officers.  Without this qualification, the notice would appear to apply to Old Second employees generally, instead of being limited only to loan officers.  Since the Rottmans' proposed

class consists by its own terms only of residential loan officers, Old Second's modification is granted to the extent that it includes reference to residential mortgage loan officers. In light of these changes, the sentence is now to read: "If you worked at Old Second Bancorp, Inc. as a residential mortgage Loan Officer and worked more than 40 hours in any given work week and/or did not receive at least minimum wage for any pay period, you have the right to join the lawsuit by following the procedure set forth below."

Finally, Old Second requests that the opt-out period should be reduced from plaintiffs' proposed 120 days to 60 days. A period of 90 days is a reasonable compromise. The notice shall be modified accordingly.

## IV.

For the reasons discussed above, plaintiffs' motion for conditional certification is granted. Accordingly, the case is conditionally certified as a collective action pursuant to section 16(b) of the Fair Labor Standards Act. Plaintiffs' proposed notice is also authorized, subject to the modifications explained above.

**ENTER ORDER:**

*[signature]*

Elaine E. Bucklo
United States District Judge

Dated: August 25, 2010